E-Filed: **7/20/09**

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Gerald Allen Harper,                )        CASE NO. CV 06-1190-GHK
                                     )
            Petitioner,          )
                                     )        **ORDER DENYING PETITION FOR**
      v.                       )        **WRIT OF HABEAS CORPUS**
                                     )
James E. Tilton, *et al.*,           )
                                     )
            Respondents.         )
_____     )

    This matter[1] is before the Court on Petitioner Gerald Allen Harper's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition").   On June 1, 2006, Petitioner filed the Petition asserting 10 grounds for relief, as well as a request for an evidentiary hearing. On October 30, 2006, Respondent Larry Scribner, Acting Warden at Calipatria State Prison, filed an Answer.  Petitioner filed a traverse on December 1, 2006.  Petitioner also filed a motion for expansion of the record on May 6, 2009, as well as a notice which appears to relate to that motion on July 10, 2009.  We have considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). As the Parties are familiar with the facts in this

---

    [1] Although Petitioner named James E. Tilton in his Petition, the correct Respondent is Larry Scribner, Acting Warden at Calipatria State Prison.

case, they will be repeated only as necessary.  Accordingly, we rule as follows.

## I.    Our Standard of Review Under AEDPA

Petitioner's case is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2254.  A federal district court shall not grant a petition for habeas corpus with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

## II.    Discussion

### A.    Ground 1: Fifth, Sixth, and Fourteenth Amendments Violated Due to Juror Sleeping During Trial.

Although not clear from the Petition, Petitioner appears to make the following two arguments in Ground 1: (1) Juror No. 1 sleeping during trial violated his Sixth Amendment right to a fair jury trial; and (2) the trial court failed to conduct an adequate inquiry into Juror No. 1's alleged sleeping in violation of his due process rights.  According to the trial court, Juror No. 1 suffered from a "legitimate medical condition that [may cause him] to nod off during the course of sitting."  (1RT 713.)

First, Petitioner presents no evidence, other than his speculation, that Juror No. 1 was sleeping "on numerous occasions."  *See* 28 U.S.C. § 2254(e)(1); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 2004) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  Second, Petitioner fails to cite any clearly established law that would require the trial court to hold a more extensive evidentiary hearing.  In any event, the trial court's inquiry into Petitioner's claim was not contrary to or an unreasonable application of clearly established federal law.  *See Tanner v. United States*, 483 U.S. 107, 127 (1987); *Smith v. Phillips*, 455 U.S. 209, 215 (1982).

**B.      Ground 2: Fifth and Fourteenth Amendments Violated Due to Prosecutor's Access to Privileged Information During the Remand Proceedings.**

In Ground 2, Petitioner argues that the prosecutor's attendance of the remand hearing, where the trial court examined Petitioner's ineffective assistance of counsel claim, violated the Fifth and Fourteenth Amendments.  The trial court deemed the remand proceedings a *Marsden*[2] hearing.  (LD 10 at 3.)  The trial court allowed the prosecutor to be present during the June 25, 2004 hearing and allowed the prosecutor to access the transcript of the May 27, 2004 hearing.  (LD 10 at 5.)

The trial court's decision to allow the prosecutor to be present during the remand proceedings was not contrary to or an unreasonable application of clearly established federal law.  First, the remand proceedings did not constitute a *Marsden* hearing because they occurred after Petitioner was convicted.  Petitioner waived his attorney-client privilege by putting counsel's performance at issue.  *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). Second, to the extent the Court of Appeal's remand order can be subject to a different interpretation, Petitioner suffered no prejudice because the prosecutor never had any opportunity to use the allegedly "privileged communications" inasmuch as there was no new trial.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

---

[2] *People v. Marsden*, 2 Cal. 3d 118, 124 (1970) (holding that "a judge who denies a motion for substitution of attorneys solely on the basis of his courtroom observations, despite a defendant's offer to relate specific instances of misconduct, abuses the exercise of his discretion to determine the competency of the attorney.").

C.     **Ground 3: Fourteenth Amendment Violated Due to State Courts'**
       **Refusal to Provide Defense Investigation Files.**

In Ground 3, Petitioner argues that the state superior court, Court of Appeal, and California Supreme Court violated his Fourteenth Amendment due process rights when they withheld the defense investigation files and impeded his ability to demonstrate his ineffective assistance of counsel claim on appeal and in habeas proceedings.  Petitioner also filed a motion to expand the record specifically requesting the files.  The defense investigation files were files prepared by Petitioner's trial counsel, Joel Deckler, and contained information about six witnesses Petitioner wanted to call at trial.  During the remand hearing, the prosecutor, Deckler, and Petitioner's temporary counsel, Tami Buscho, possessed copies of the files.  (2RT 94-95.)  The trial court requested that the prosecutor return her copy and placed the files under seal.  (2RT 96-97.)  During petitioner's second appeal, the Court of Appeal granted his counsel's request to access these files, but the files could not be located in the superior court file.  (Pet., Ex., Appellate Court Docket.)

Regarding Petitioner's second appeal, the state court's failure to provide him the defense investigation files did not violate his rights.  First, the California Court of Appeal granted Petitioner's attorney's request for the files.  Second, Petitioner presents no evidence that the state superior court or Court of Appeal intentionally withheld the files.  Third, Petitioner suffered no prejudice from not being able to review the files for his second appeal.  *See Brecht*, 507 U.S. at 637–38; *Kennedy v. Lockyer*, 379 F.3d 1041, 1053 (9th Cir. 2004) (harmless error applies in habeas when a state fails to provide the defendant with a portion of the transcript).  Petitioner's appellate counsel did not mention that the files were lost in her opening appellate brief.  In addition, there is no evidence that Petitioner's counsel attempted to subpoena the files from either Deckler or Buscho.  Moreover, because the files were extensively discussed during the remand proceedings, the transcript of the remand proceedings provided an adequate substitute.

4

Regarding Petitioner's state habeas proceedings, his argument is not cognizable on federal habeas review. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings."); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.")

Regarding Petitioner's motion to expand the record in this Petition, Petitioner has failed to comply with 28 U.S.C. § 2254(e)(2) to expand the record under Rule 7 of the Rules Governing § 2254 cases. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (petitioner must comply with 28 U.S.C. § 2254(e)(2) in order to expand the record under Rule 7).[3] While he claims that the defense investigation files would bolster his ineffective assistance of counsel claim by showing that Deckler committed perjury at the remand hearing, he presents no specific details regarding Deckler's alleged lies.[4]

**D.     Ground 4: Sixth and Fourteenth Amendments Violated By Trial and Appellate Counsel's Refusal to Provide Client's Files.**

In Ground 4, Petitioner argues that trial and appellate counsel's purposeful and repeated withholding of information in his case file has impeded his ability to present his claims in the state and federal habeas proceedings in violation of his Sixth and Fourteenth Amendment rights. He specifies that his attorney withheld the defense investigation files, doctor reports, and a copy of the search warrant and supporting affidavit.

---

[3] 28 U.S.C. § 2254(e)(2) provides the standard for holding an evidentiary hearing if a petitioner has failed to develop a factual basis of the claim in a state court proceeding. In order to obtain an evidentiary hearing, a petitioner must show: (1) the claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence"; and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

[4] To the extent Petitioner requests other materials, such as the "Rape Exam findings" and "Journal taken from V. Springs," he fails to articulate how these materials will advance specific claims in this Petition. (*See* Docket No. 43).

To the extent that Petitioner advances an ineffective assistance of counsel claim, his argument is misguided and fails.  Petitioner's constitutional right to counsel attaches during the proceeding which that counsel represents him.  *See, e.g., Kansas v. Ventris*, 129 S. Ct. 1841, 1844–45 (2009); *Rothgery v. Gillespie County*, 128 S. Ct. 2578, 2591 (2008).  Moreover, Petitioner has no constitutional right to counsel for post-conviction proceedings.  *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007).  Because Petitioner has no constitutional right to counsel during his post-conviction proceedings and because the constitutional right to counsel during trial and appeal only attaches during the trial and appeal, he cannot establish an ineffective assistance of counsel claim.  To the extent Petitioner advances the argument that he has a constitutional right to personally possess his case files while represented by counsel, his argument also fails because there is no such constitutional right.

### E.    Ground 5: Fifth, Sixth, and Fourteenth Amendment Violated Due to Ineffective Assistance of Trial Counsel.

In Ground 5, Petitioner argues that his trial counsel, Deckler, rendered ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments.  He argues that Deckler committed the following acts of unreasonable assistance:  (1) failed to subpoena and use the six proposed witnesses; (2) failed to provided any pre-trial discovery to Petitioner; (3) failed to keep petitioner apprised of defense strategy and case developments; and (4) failed to consult with Petitioner before sentencing.

The state court's determination that Deckler rendered effective assistance is not contrary to or an unreasonable application of clearly established federal law.  First, as to the six proposed witnesses, the trial court and appellate court opinions that Deckler's decision not to call these witnesses was a sound and reasonable trial strategy is not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  During the remand proceedings, the trial court extensively evaluated Petitioner's proposed testimony of the witnesses, and Deckler's reasons why the witnesses were not called.  The trial court's determination, affirmed by the Court of Appeal, that Deckler

exercised sound trial strategy was a reasonable application of *Strickland*. Moreover, Petitioner's argument that Deckler's failure to inform Petitioner of the reasons for not calling the six witnesses amounted to ineffective assistance also fails. The determination of which witnesses to call is not a fundamental client decision requiring Deckler to consult Petitioner. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004); *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Finally, Petitioner's argument that Deckler's lack of preparedness for the May 27, 2004 remand hearing amounted to ineffective assistance fails. Petitioner had no constitutional right to Deckler's representation at the remand hearing and, as such, his ineffective assistance argument is not cognizable.

Second, as to Deckler's alleged failure to provide pre-trial discovery and to keep Petitioner apprised of defense strategy and case developments, the trial court's determination that Deckler rendered effective assistance is not contrary to or an unreasonable application of clearly established federal law. During the remand proceeding, the trial court inquired into Deckler's interactions with Petitioner, including preparing Petitioner for his trial testimony and inquiring into the facts surrounding the charged acts, and found Deckler's explanations credible. (2RT 89-90, 113.) Petitioner offers no evidence, except conclusory allegations, that Deckler failed to consult with him before trial and fails to demonstrate any prejudice resulting from this alleged failure. He does not specify how access to pre-trial discovery or consultation with Deckler would have created a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Third, as to Deckler's alleged failure to consult with Petitioner before sentencing, Petitioner fails to establish a claim on ineffective assistance of counsel. Petitioner fails to establish any prejudice because he does not specify what evidence or testimony he wanted Deckler to present during sentencing. *See Cox v. Del Papa*, 542 F.3d 669, 681 (9th Cir. 2008) (failure to consult a petitioner about mitigating evidence does not amount to ineffective assistance "[w]ithout any specification of the mitigating evidence that counsel failed to unearth").

**F.      Ground 6: Fifth, Sixth, and Fourteenth Amendments Violated Due to Ineffective Assistance of Trial Counsel**

In Ground 6, Petitioner argues that his trial counsel, Deckler, rendered ineffective assistance of counsel for his failure to impeach false testimony of Interviewer Earl, Detective Matthews, and the victim.  He argues that Deckler failed to impeach statements made by these witnesses that the victim would never visit Petitioner without her brother.

Petitioner fails to establish an ineffective assistance of counsel claim regarding Deckler's alleged failure to impeach witness testimony during trial.  First, Deckler did not render deficient performance.  *Strickland*, 466 U.S. at 687.  Interviewer Earl did not testify at trial, and Detective Matthews's testimony did not address the issue about which Petitioner complains.  Deckler adequately addressed the issue of whether the victim visited Petitioner alone in Valley Springs through his cross-examination of the victim, through his direct examination of the victim's brother, and during his closing argument.  Second, Petitioner fails to establish a "probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Whether the victim could accurately recall whether her brother was present during her visit to Petitioner's residence in Valley Springs was not material to his conviction given that many incidents of molestation occurred when the victim resided in the same household as Petitioner.

**G.      Ground 7: Fifth, Sixth, and Fourteenth Amendments Violated Due to Prosecutorial Misconduct.**

In Ground 7, Petitioner argues that the prosecutor committed prosecutorial misconduct by knowingly allowing Interviewer Earl, Detective Matthews, and the victim to testify falsely during trial as to the times and locations that Petitioner was purportedly alone with the victim.

Petitioner has failed to establish a claim for prosecutorial misconduct.  He fails to show that the testimony was actually false, that the prosecutor knew the testimony was actually false, and that the false testimony was material.  *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003), citing *Napue v. Illinois*, 360 U.S. 264, 269–71 (1959); *see*

*also Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005). Inconsistencies in the victim's testimony relating to the dates she was alone with the Petitioner do not amount to false testimony. *See, e.g., United States v. Wolf*, 813 F.2d 970, 976–77 (9th Cir. 1987) (Assuming that the witness's testimony at trial was somewhat inconsistent with his testimony at the suppression hearing, the defendant's "fair opportunity to exploit the inconsistency during his cross-examination" does not make the prosecution guilty of misleading the jury "in a way that was fundamentally unfair."). Moreover, as discussed *supra* in Ground 6, the presence of the victim's brother on her visits to Valley Springs was not material to Petitioner's conviction.

**H.      Ground 8: Fifth, Sixth, and Fourteenth Amendments Violated By Presence of Victim's Mother in the Courtroom.**

In Ground 8, Petitioner argues that his Fifth, Sixth, and Fourteenth Amendment rights were violated by the presence of the victim's mother in the courtroom while she testified. Petitioner argues that the victim's mother, who he considers a potential witness, was in the front row of the spectator section during trial and used "eye flickering" and hand signals to elicit hysteria and crying from the victim. He also argues that the prosecutor arranged the victim's mother to engage in these actions while the victim testified. In addition, he argues that his trial counsel, Deckler, rendered ineffective assistance of counsel by failing to object to this occurrence.

Petitioner fails to establish a due process, prosecutorial misconduct, or ineffective assistance of counsel claim on this basis. He offers no evidence, apart from his unsubstantiated allegations in his Petition signed under the penalty of perjury, that the victim's mother was present during the victim's testimony and engaging in the alleged actions. *See Borg*, 24 F.3d at 26.

## I.      Ground 9: Fifth, Sixth, and Fourteenth Amendments Violated Due to California Supreme Court's Denial of Petition for Review.

In Ground 9, petitioner argues that the California Supreme Court abused its discretion and violated his Fifth, Sixth, and Fourteenth Amendment rights when it arbitrarily denied petitioner's second petition for review after the remand.

Petitioner has failed to state a claim for relief because he does not have a federal constitutional right to California Supreme Court review.

## J.      Ground 10: Fifth, Sixth, Eighth, and Fourteenth Amendments Violated Due to Ineffective Assistance of Appellate Counsel.

In Ground 10, Petitioner argues that his appellate attorneys were ineffective by failing to raise certain issues on appeal, and, as a result, he is suffering cruel and unusual punishment.   Petitioner's appellate attorneys failed to raise the following issues: (1) the juror suffering from narcolepsy (Ground 1); (2) Petitioner's attempt to procure crucial information (Grounds 3 and 4); (3) prosecutorial misconduct (Ground 7); and (4) the victim's mother's presence in the courtroom (Ground 8).

Petitioner has failed to establish that his appellate attorneys were ineffective in not raising these issues on appeal.  As already discussed *supra*, there is no factual basis in the record to substantiate Grounds 1, 3, 7, and 8.  Thus, his appellate attorneys did not render deficient performance or cause resulting prejudice from the failure to raise these issues on appeal. *See Strickland*, 466 U.S. at 687, 694.  Moreover, Shors's failure to raise the lack of access to the defense investigator files on appeal did not constitute deficient performance or result in prejudice.  *See Jones*, 463 U.S. at 751 (appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant.)

**K.      Evidentiary Hearing**

No evidentiary hearing is warranted here.  A sufficient factual background for Grounds 1, 2, 3, 4, 5, 6, 7, 9 and 10 has been provided to the Court by Petitioner and Respondent.  Regarding Ground 8, petitioner has failed to allege a colorable claim. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005).

**III.   Conclusion**

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.  We also **DENY** Petitioner's motion to expand the record and his request for an evidentiary hearing.


**IT IS SO ORDERED**.


DATED: July 20, 2009

_____
GEORGE H. KING
United States District Judge[5]

_____

[5] United States District Judge for the Central District of California sitting by designation.