UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gerald Allen Harper,** | CASE NO. CV 06-01190-GHK |
| Petitioner, | |
| v. | Order (1) Denying Rule 60(b) Motion and (2) Denying Certificate of Appealability |
| **James Tilton,** *et al.* | |
| Respondents. | |

    This matter is before us on Petitioner's Motion under Fed. R. Civ. P. 60(b)(1), (2), and (3) filed on November 15, 2013. Petitioner seeks relief from our July 20, 2009 Judgment denying Petitioner's Petition for a Writ of Habeas Corpus. Because Petitioner does not allege a defect in the integrity of the prior federal habeas proceeding but instead presents claims constituting a renewed request for relief on the merits, we must treat this Motion as a successive habeas petition.[1] *See Gonzalez v. Crosby*, 545 U.S. 524, 532

---

[1] In any event, if we construed Petitioner's Motion as a Rule 60(b) motion, it would still fail because it is untimely. A motion for relief from judgment under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner filed the instant motion *four years* after entry of judgment in the federal habeas proceeding. Moreover, Petitioner's claims are patently without merit.

(2005); *see also Burton v. Steward*, 549 U.S. 147, 152-53 (2007).

A district court does not have jurisdiction to hear a second or successive habeas petition without prior authorization from a court of appeals. *See* 28 U.S.C. § 2244(b)(3). Petitioner has neither sought nor obtained an order permitting us to entertain his second petition. Accordingly, this Motion is **DENIED without prejudice** for lack of jurisdiction.

Further, Petitioner cannot show that jurists of reason would find it debatable whether this Court is correct in its procedural ruling. Therefore, we **DENY** issuance of a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11(a), Rules Governing Section 2254 Proceedings for the United States District Courts.

**IT IS SO ORDERED.**

DATED: June 23, 2014

_____
GEORGE H. KING
United States District Judge[2]

---

Petitioner bases his request for relief from judgment on one misconstrued sentence in a State court order issued by Judge Steve White of the Sacramento County Superior Court. Petitioner claims that this sentence constitutes affirmative proof of fraud by the State court. But Judge White makes no admission to the effect that the State court intentionally withheld files from Petitioner or the Court of Appeal. Rather, he merely summarizes Petitioner's claims in his state habeas proceedings. No reasonable reading of this sentence could support Petitioner's claim for relief.

[2] Chief United States District Judge for the Central District of California sitting by designation.